717 F.2d 1424
 230 U.S.App.D.C. 367
 John DOE, Esq. c/o his counsel, Perito, Duerk, Carlson and
Pinco, P.C., Appellant,
v.
BOARD ON PROFESSIONAL RESPONSIBILITY OF the DISTRICT OF
COLUMBIA COURT OF APPEALS, et al.
 No. 83-1272.
 United States Court of Appeals,
District of Columbia Circuit.
 Submitted May 13, 1983.
Decided Sept. 16, 1983.
 
 Appeal from the United States District Court for the District of Columbia (D.C.Civil Action No. 81-02683).
 Paul L. Perito, Glenn H. Carlson and Robert E. Pokusa, Washington, D.C., were on the motion for stay of enforcement of order and subpoenas, for appellant.
 Judith W. Rogers, Corp. Counsel, Charles L. Reischel, Deputy Corp. Counsel, Lutz Alexander Prager, Asst. Corp. Counsel, and Martha J. Tomich and Fred Grabowsky, Asst. Bar Counsel, Washington, D.C., were on the motion to dismiss and opposition to motion for stay for appellees, Bd. on Professional Responsibility.
 Before MIKVA and EDWARDS, Circuit Judges, and MacKINNON, Senior Circuit Judge.
 Opinion PER CURIAM.MOTION TO DISMISS
 
 
 1
 MOTION FOR STAY OF ENFORCEMENT OF ORDER AND SUBPOENAS
 
 PER CURIAM:
 
 2
 Pursuant to appellant's Motion for Stay of Enforcement of Order and Subpoenas and appellees' Motion to Dismiss Appeal, we review today an order of the district court denying the appellant's motion to quash subpoenas issued by the Board on Professional Responsibility ("the Board") of the District of Columbia Court of Appeals ("the Court of Appeals"). The district court considered and rejected three claims, only one of which raised a substantial federal question, challenging the Board's exercise of its subpoena power. We can find no error in the district court's decision on the federal question; we therefore affirm the judgment on the claim arising under the Right to Financial Privacy Act.
 
 
 3
 We recognize that when substantial federal questions are present in a complaint a district court may in its discretion exercise pendent jurisdiction over state claims arising out of the same nucleus of operative fact. Nevertheless, we conclude that, under the circumstances presented in this case, the district court abused its discretion by deciding two novel and unsettled questions of District of Columbia law. We therefore affirm the dismissals but vacate the decisions of the district court premised on pendent jurisdiction over local law issues.
 
 I. BACKGROUND
 
 4
 The appellant, who is using the pseudonym John Doe, is a member of the bar of the District of Columbia and is currently the subject of an investigation by the Board on Professional Responsibility. In 1981, as part of its investigation, the Board issued several subpoenas directing Doe and three local banks to provide financial records pertaining to Doe's handling of entrusted client funds. Doe refused to comply, directed the banks not to comply, and filed suit in district court to quash the subpoenas.[1]
 
 
 5
 Doe challenged the subpoenas on three grounds, each alleged to be a basis for quashing the subpoenas. He argued, first, that the Court of Appeals, from which the Board as its delegatee must draw any powers it possesses, lacks authority to issue subpoenas; second, that, even if the Board has subpoena power, the subpoenas directed to the banks must be quashed because the Board failed to comply with the notice provisions of the Right to Financial Privacy Act, 12 U.S.C. Secs. 3401 et seq.;[2] and, third, that the subpoenas should be quashed because the Board violated its own procedures in issuing them. In reply, the Board challenged the district court's jurisdiction to entertain Doe's complaint and strenuously contested Doe's allegations that it lacked or improperly exercised its subpoena power.
 
 
 6
 The district court assumed jurisdiction to hear all three claims. It reasoned that, since there was subject matter jurisdiction over Doe's sole federal claim under section 1116 of the Right to Financial Privacy Act, 12 U.S.C. Sec. 3416 (1976), the court had authority to entertain the state law claims by virtue of its pendent jurisdiction. The court also rejected the Board's abstention challenge after noting that Congress specifically committed resolution of Right to Financial Privacy Act claims to the federal courts and that a federal court decision would not unduly interfere with the Board's investigation.
 
 
 7
 Turning to the merits of Doe's complaint, the district court held that the Court of Appeals--and through it the Board--had authority under the All Writs Act, 28 U.S.C. Sec. 1651 (1976), to issue subpoenas. The court also ruled that the Right to Financial Privacy Act does not apply to the Court of Appeals so that the Board was not required to comply with its notice provisions. And, finally, the court found that the Board had not violated its own procedures in issuing the contested subpoenas. Doe has appealed and the Board now asks that we dismiss his appeal.[3]
 
 II. ANALYSIS
 A. Federal Question Jurisdiction
 
 8
 The district court correctly recognized that only one of the three claims raised in Doe's complaint implicated federal question jurisdiction. On this point, the court noted that its jurisdiction over Doe's Right to Financial Privacy Act claim derived from section 3416, the Act's general grant of jurisdiction, which provides that "[a]n action to enforce any provision of this [Act] may be brought in any appropriate United States district court ...." 12 U.S.C. Sec. 3416 (1976). We are satisfied that Doe's federal statutory claim is sufficiently substantial to support the district court's assertion of federal question jurisdiction.
 
 
 9
 On the merits of Doe's claim, however, we reject his contention that the subpoenas directed to the banks must be quashed because the Board failed to comply with the provisions of the Right to Financial Privacy Act. The district court found, and we agree, that the Act does not apply to the Court of Appeals; consequently, the Board was not required to comply with the notice provisions of the Act. We therefore affirm the judgment of the district court dismissing Doe's claim arising under the Right to Financial Privacy Act.
 
 B. Pendent Jurisdiction
 
 10
 Drawing on its federal question jurisdiction, the district court exercised pendent jurisdiction to decide Doe's two local law claims. In so doing, the court abused its discretion.
 
 
 11
 The Supreme Court established a two-part test in United Mine Workers of America v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), to guide the district courts in determining whether to exercise pendent jurisdiction over state law claims. A district court initially must determine whether it has power under article III to decide state law claims a litigant presents with a substantial federal claim. If, as in this case, such power exists,[4] the district court then must determine whether to exercise its discretion to decide the related state law claims. Id. at 726, 86 S.Ct. at 1139; Financial General Bankshares, Inc. v. Metzger, 680 F.2d 768, 772 (D.C.Cir.1982). In this analysis, the district court, in addition to considering judicial economy, convenience and fairness to the parties, must give due regard to whether a complaint poses novel and unsettled questions of state law. Gibbs, 383 U.S. at 726, 86 S.Ct. at 1139; Hagans v. Lavine, 415 U.S. 528, 548, 94 S.Ct. 1372, 1385, 39 L.Ed.2d 577 (1974); Financial General Bankshares, 680 F.2d at 775-78.
 
 
 12
 Although the weighing and balancing of these factors admittedly is a discretionary task entitled to substantial deference on appeal, a district court's discretion to assume jurisdiction over pendent claims is not unbounded. As the Supreme Court cautioned in Gibbs,
 
 
 13
 [n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.
 
 
 14
 383 U.S. at 726, 86 S.Ct. at 1139 (footnotes omitted); see Wham-O-Mfg. Co. v. Paradise Manufacturing Co., 327 F.2d 748, 753 (9th Cir.1964) (cited in Gibbs ).
 
 
 15
 Following Gibbs, we conclude that the district court abused its discretion by deciding the novel District of Columbia law questions raised in this case. Doe presented two local law claims in his complaint, both of which pertain to the subpoena power of the District of Columbia Board on Professional Responsibility. One challenge required the district court to determine whether the Court of Appeals possesses a delegable subpoena power; the second challenge questioned whether the Board complied with the Court of Appeals regulations in exercising whatever subpoena power it has. The desirability of obtaining a "surer-footed" reading of District of Columbia law in these areas of particular importance to the District is obvious.
 
 
 16
 State courts, including the courts of the District of Columbia,[5] possess exclusive authority to regulate admission to their respective state bars and bear responsibility for disciplining errant bar members. See Leis v. Flynt, 439 U.S. 438, 442, 99 S.Ct. 698, 700, 58 L.Ed.2d 717 (1979); Ohralik v. Ohio State Bar Ass'n, 436 U.S. 447, 460, 98 S.Ct. 1912, 1920, 56 L.Ed.2d 444 (1978). The Court of Appeals, pursuant to its regulatory responsibility, established the Board and delegated to it authority to investigate alleged violations of the bar's disciplinary rules. In aid of this mandate, the Court of Appeals authorized the Board's exercise of a subpoena power. Whether the Board on Professional Responsibility may subpoena records necessary to performance of its regulatory mandate and what construction to give to Court of Appeals regulations governing the Board's exercise of its asserted subpoena power are questions whose significance reaches far beyond the circumstances in this particular case. Thus, "[a]lthough the District Court devoted considerable time, effort, and care to these questions, in a completely unsettled area of local law a federal District Court opinion is no substitute for an authoritative decision by the courts of the District of Columbia." Financial General Bankshares, 680 F.2d at 778. We therefore vacate the district court's decisions with respect to the issues raised by Doe's pendent claims.
 
 III. CONCLUSION
 
 17
 For the reasons stated in this opinion, we grant appellees' Motion to Dismiss Appeal, and deny appellant's Motion for Stay of Enforcement of Order and Subpoenas.
 
 
 18
 Having fully considered the merits of this appeal, we affirm the district court's dismissal of Doe's claim arising under the Right to Financial Privacy Act. Because we find that the district court abused its discretion in considering District of Columbia local law questions, we vacate the decisions of the court reached pursuant to pendent jurisdiction. The case will be remanded to the district court with instructions to dismiss Doe's local law claims without opinion.
 
 
 
 [1]
 The Board, created by the Court of Appeals to enforce the disciplinary rules governing members of the District of Columbia bar, initiated its investigation after receiving several complaints from Doe's clients. Pursuant to its investigation, the Board sought from Doe financial information concerning entrusted client funds. Doe declined voluntarily to provide this information, so the Board issued a subpoena directing that he either furnish the relevant bank records or identify the banks in which he maintained client, trust, or escrow accounts and the account numbers. Doe again refused to comply and the Board directed subpoenas to three local banks it believed held these accounts. When Doe, who was not formally notified of the Board's action, learned of the bank subpoenas, he directed the banks not to comply and filed suit to quash all four subpoenas
 
 
 [2]
 Doe's Right to Financial Privacy Act claim, the only federal claim in his complaint, rests on his construction of the Act to require Board compliance with the Act's notice provisions. The Right to Financial Privacy Act provides that "no Government authority may have access to or obtain copies of, or the information contained in [sic] the financial record of any customer from a financial institution" except as authorized under the Act. 12 U.S.C. Sec. 3402. Doe argued that the Court of Appeals is a "government authority" within the meaning of the statute and, therefore, although the Board might acquire the information it sought from the banks pursuant to properly issued subpoenas, the Board's failure to comply with the Act's notice requirements vitiated the subpoenas. See id. Secs. 3405(2) (administrative subpoenas); 3407(2) (judicial subpoenas)
 
 
 [3]
 On July 8, 1982, the district court, in the first of two opinions filed in this case, quashed the three subpoenas directed to the banks. After resolving the two jurisdictional questions in favor of deciding the case and determining that the Court of Appeals possesses subpoena power under the All Writs Act, the court concluded that the Board improperly exercised this power with respect to the bank subpoenas. The court found that the Right to Financial Privacy Act applied to the Board as a "government authority," see 12 U.S.C. Sec. 3402, and that the bank subpoenas had been issued in violation of the Act's notice requirements
 On February 3, 1983, the district court issued the order now under review, vacating the earlier order, denying Doe's motion to quash, and granting the Board's motion to dismiss. The district court reaffirmed its earlier determinations that it had subject matter jurisdiction and should hear the case and that the Board has subpoena power pursuant to the All Writs Act. The court reversed itself, however, on the question of whether the Right to Financial Privacy Act applied to the Court of Appeals. Finding that the Court of Appeals was not a government authority within the meaning of the Act, the court declined to quash the subpoenas directed to the banks. The court also addressed, for the first time, Doe's third claim, concluding that the Board complied with its own regulations in issuing the subpoenas.
 
 
 [4]
 Doe's federal and state law claims "derive from a common nucleus of operative fact" (the Board's issuance of subpoenas) and ordinarily would be tried in a single proceeding. United Mine Workers of America v. Gibbs, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966)
 
 
 [5]
 The District of Columbia courts have possessed the same authority as state courts to establish and enforce standards of professional conduct since the 1970 reorganization of the courts. District of Columbia Court Reform and Criminal Procedure Act of 1970, Pub.L. No. 91-358, 84 Stat. 521, 11 D.C.Code Secs. 2501-2503; see District of Columbia Court of Appeals v. Feldman, --- U.S. ----, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); Simons v. Bellinger, 643 F.2d 774, 787 (D.C.Cir.1980) (MacKinnon, J., concurring)