**In re REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER ROGATORY) FROM THE FEDERATIVE REPUBLIC OF BRAZIL.**

**Misc. No. M–13–72.**

United States District Court,
S.D. New York.

Jan. 18, 1990.

Benito Romano, U.S. Atty. by Nelson W. Cunningham, Asst. U.S. Atty., New York City, for Com'rs.

Thomas Engel, Engel & Mulholland, New York City, for petitioners, Midland Trading and Four Dimensions.

Carl D. Distefano, Fox & Horan, New York City, for petitioners, Gen. Universal Trading Corp. and Dartois Investments, Inc.

Christopher Crowley, Davis Polk & Wardwell, New York City, for petitioners, Morgan Guar. Trust Co.

## MEMORANDUM OPINION AND ORDER

HAIGHT, District Judge:

Petitioners move for reargument of the Court's November 16, 1988 opinion and order enforcing the subpoena *duces tecum* under letters rogatory issued by a Brazilian Court at the initial request of a Brazilian prosecutor, and then processed pursuant to 28 U.S.C. § 1782. 700 F.Supp. 723.

The Commissioners appointed under § 1782 move for reconsideration of that portion of the Court's opinion directing that the bank records be released in conformance with the Right to Financial Privacy Act, 12 U.S.C. §§ 3401–3422.

■ I grant both parties leave to reargue, and have considered the most recent round of affidavits and briefs. I deny relief to petitioners. I remain of the view that the record sufficiently establishes the likelihood of a judicial proceeding being commenced in Brazil. As stated in the November 16, 1988 opinion at 725, I base that conclusion in large part upon the official declaration of Judge Pimentel. The brief for petitioners General Universal Trading Corporation and Dartois Investments, Inc. dismisses Judge Pimentel's declaration as a "conclusory assertion ... in a communication tailored to the doubts on the point" this Court expressed in its initial decision of June 8, 1988. Brief at 6. If by this choice of words petitioners mean to suggest that Judge Pimentel was anything other than forthright in an official declaration intended for the guidance of a judicial colleague, I reject the suggestion.

■ I also decline petitioner's invitation to construe the Brazilian Decree–Law No. 2.471 so as to relieve petitioners of any risk of criminal prosecution in Brazil. The issue presents technical questions of foreign law, and I have neither the competence, the inclination, nor the obligation to pass upon them. *See In re Request for Judicial Assistance from the Seoul District Criminal Court,* 555 F.2d 720, 723 (9th Cir.1977). Petitioners may very well be right. If they are they will suffer no prejudice from enforcement of the subpoenas because Brazilian law (as petitioners construe it) will bar their criminal prosecution. I respectfully leave the issue, which on the papers before me is at least debatable, for resolution by the courts of Brazil.

I have considered the other arguments made by certain of the petitioners and find them to be without substance.

■ The commissioners are right in contending that the Right to Financial Privacy Act does not apply to this proceeding. In reaching a contrary conclusion in my opinion of November 16, 1988 at 725, I relied upon a footnote in the Eleventh Circuit's opinion in *In re Request for Assistance from Ministry of Legal Affairs of Trinidad and Tobago,* 848 F.2d 1151, 1156 n. 12 (11th Cir.1988). The court of appeals' declaration was not accompanied by any analysis, and the point does not appear to have been briefed or argued by the parties. However, the commissioners now call my attention to Judge Keenan's thorough and careful opinion in *Young v. United States Department of Justice,* 87 Civ. 8307(JFK), 1988 WL 131302 (S.D.N.Y., decided November 28, 1988). Plaintiffs in that action sued the Department of Justice for assisting in the enforcement of a § 1782 subpoena obtained as the result of a request for judicial assistance by the Attorney General of Bermuda. Responding to that request, Judge Stewart of this District appointed two assistant United States attorneys as commissioners pursuant to § 1782 to obtain records of accounts maintained by plaintiffs in a United States bank. The Right to Financial Privacy Act has to do with the obtaining of access of banking records by "Governmental authority ..." 12 U.S.C. § 3402. After a careful review of the purposes of that statute, the provisions in 28 U.S.C. § 1782 for assisting foreign tribunals, and case law, Judge Keenan concluded that the commissioners appointed by Judge Stewart in *Young* did not constitute

"Government authority" within the meaning of 12 U.S.C. § 3402. Judge Keenan applied by analogy the holding in *Doe v. Board on Professional Responsibility of Dist. of Columbia Court of Appeals*, 717 F.2d 1424 (D.C.Cir.1983) (Privacy Act did not apply to federal court of appeals and body deriving its authority from court of appeals in issuing subpoenas directing attorney and banks to provide financial pertaining to attorney's handling of entrusted client funds). The analogy seems apt in the case at bar, where the commissioners exercise their powers under this Court's appointment. Furthermore, that appointment was made pursuant to 28 U.S.C. § 1782, and the Privacy Act explicitly does not authorize "the withholding of financial records or information required to be reported in accordance with any federal statute or rule promulgated thereunder." As Judge Keenan points out in *Young* at slip op. 12–13, Congress intended this exception to be broadly construed. I agree with Judge Keenan that it extends to a statute empowering and directing courts to extend judicial assistance to foreign tribunals.

Petitioners' motion for reargument is denied. The commissioners' motion for reargument is granted. The Right to Financial Privacy Act has no office to perform in these proceedings.

I direct that the subpoena be enforced. Enforcement is stayed for twenty (20) days of the date of this order to permit petitioners, if so advised, to seek a further stay from the court of appeals.

It is SO ORDERED.