**Lydia REYNA and Dolores R. Garcia et al., Plaintiffs-Appellants,**

v.

**Raymond W. VOWELL, Commissioner of Public Welfare, State of Texas, individually and in his official capacity, Defendant-Appellee.**

No. 72–1642.

United States Court of Appeals,
Fifth Circuit.

Dec. 13, 1972.

J. L. Covington, Brownsville, Tex., Richard Greenberg, New York City, for plaintiffs-appellants.

Crawford C. Martin, Atty. Gen. of Texas, Jack Sparks, Asst. Atty. Gen., Carolyn Busch, Austin, Tex., for defendant-appellee.

Before COLEMAN, AINSWORTH and DYER, Circuit Judges.

AINSWORTH, Circuit Judge:

This is a class action by various parents of needy children who seek to obtain additional Aid to Families with Dependent Children (AFDC) by judgment invalidating an alleged administrative practice of Texas which presumes the availability to the entire family of income earned by a child between the age of 18 and 21 who lives in the family's household.[1] Plaintiffs make the challenge on the theory that Texas's practice is inconsistent with both federal statutory and constitutional provisions. The District Court sustained defendant's motion to dismiss. We are unable to determine from the state of the record and the circumstances here, whether there is a Texas welfare practice affecting AFDC, which is contrary to federal statutory provision. Accordingly, we reverse and remand this case for an evidentiary hearing and do not reach constitutional issues.[2]

---

1. In the preliminary statement of their complaint, plaintiffs declared:

Plaintiffs, individually and on behalf of their minor children and all other persons similarly situated, seek to have this Court declare invalid and enjoin enforcement of Sections 3355.2 and 3400 of the Financial Services Handbook of the State Department of Public Welfare which denies or restricts Aid to Families with Dependent Children (hereinafter AFDC) benefits to families a member of whom is a minor child eighteen to twenty-one years of age holding full-time regular employment and residing in the home. . . .

Plaintiffs on appeal state: "No individual section of the Financial Services Handbook sets forth in plain words that all such income is to be presumed available to the family." Brief for Appellants at 6, n. 5. Nevertheless, the complaint gave defendant sufficient notice that the nature of the suit was to challenge Texas's administrative practice concerning AFDC benefits for a family with a resident 18-to-21-year-old child holding full-time regular employment.

2. Therefore, it is unnecessary to remand this case to convene a three-judge court under 28 U.S.C. § 2281. See Swift & Co.

■ In order to participate in the federal welfare program, a state must maintain a system consistent with federal legislation on the subject, namely, the Social Security Act. Townsend v. Swank, 404 U.S. 282, 285, 92 S.Ct. 502, 505, 30 L.Ed.2d 448 (1971); Rosado v. Wyman, 397 U.S. 397, 419–420, 90 S.Ct. 1207, 1221–1222, 25 L.Ed.2d 442 (1970); King v. Smith, 392 U.S. 309, 316–317, 88 S.Ct. 2128, 2133, 20 L.Ed.2d 1118 (1968). The pertinent provision of the Act, 42 U.S.C. § 602(a)(7),[3] which establishes the criteria for determining need by the state agency, has been construed to mean that the state may not take into account the income of any other individual living in the same home to reduce or discontinue payments to the family except to the extent of actual contributions made by the individual to the family. See Solman v. Shapiro, D. Conn.1969, 300 F.Supp. 409, 414–416 (three-judge court); 45 C.F.R. §§ 233.-20(a)(2)(vi), 233.20(a)(3)(ii)(c), 233.-90(a). See also Lewis v. Martin, 397 U.S. 552, 556–557, 90 S.Ct. 1282, 1283, 25 L.Ed.2d 561 (1970); King v. Smith, 392 U.S. 309, 319 n. 16, 88 S.Ct. 2128, 2134 n. 16, 20 L.Ed.2d 1118 (1968).

■ The Texas Commissioner of Public Welfare argues that the wage-earning child's income is available to the parent because of the following Texas statute: "The earnings of an unemancipated minor are subject to the management, control, and disposition of the parent or parents having custody of the minor." Texas Family Code § 5.23, V.T.C.A. At most, this Texas statutory provision gives the parent the right to sue the wage-earning child in an effort to control his earnings; it does not attribute income from the hands of the child

into the hands of the parent. Even if it did, for purposes of welfare benefits, the federal statute cited above only permits the state to reduce AFDC by such money as is actually available to the needy members of the family.

■ The courts uniformly interpret the Social Security Act so as not to permit the states to indulge in presumptions as to the availability of income to needy members of the family. The Supreme Court has held that the income of a man, not the father of needy children but who lived with their mother, may not be considered available to her children. Even if they ceremonially marry, the new husband's income is not treated as available to her children unless he has a legal obligation to support them. Lewis v. Martin, 397 U.S. 552, 90 S.Ct. 1282, 25 L.Ed.2d 561 (1970); King v. Smith, 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968). A three-judge court in Woods v. Miller, W.D.Pa.1970, 318 F.Supp. 510, held that the income of a child not living at home, but who had a duty to support the parent under state law, may not be presumed available to the parent; the state may enforce the legal obligation, and thereby reduce the parent's need for welfare assistance, but only contributions actually received by the needy parent are acknowledged. Finally, the Supreme Court approved a three-judge court's conclusion that the money one child receives from a father paying child support may not be considered to reduce the welfare benefits of other children in the household. Gilliard v. Craig, W.D.N. Car.1971, 331 F.Supp. 587, aff'd 409 U.S. 807, 93 S.Ct. 39, 34 L.Ed.2d 66 (1972).

■ We conclude that the District Judge erred when he granted the motion

v. Wickham, 382 U.S. 111, 86 S.Ct. 258, 15 L.Ed.2d 194 (1965).

3. 42 U.S.C. § 602(a)(7) provides in relevant part:
    [T]he State agency shall, in determining need, take into consideration any other income and resources of any child or relative claiming aid to families with dependent children, or of any other individual (living in the same home as such child and relative) whose needs the State determines should be considered in determining the need of the child or relative claiming such aid, as well as any expenses reasonably attributable to the earning of any such income.

to dismiss, for the federal courts have said many times that a complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts . . . which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). *See also* Lipscomb v. Jonsson, 5 Cir., 1972, 459 F.2d 335, 338; Cook & Nichol, Inc. v. Plimsoll Club, 5 Cir., 1971, 451 F.2d 505, 506–507; C. Wright, The Law of Federal Courts 284 (1970). Furthermore, we are especially cautious where serious questions of public law may be presented. Herpich v. Wallace, 5 Cir., 1970, 430 F.2d 792, 802. It is necessary to remand this case for an evidentiary hearing to determine what the true facts are with reference to the practice of the Texas Commissioner of Public Welfare. On the one hand, he answered interrogatories by saying that "all income of unemancipated children would be considered available to the parents, subject to a deduction for work-related expenses." On the other hand, on appeal he states in brief that the Department "does not arbitrarily assume that all earnings of resident minors are automatically available to the minor's parents. . . . Appellee investigates each case separately to determine actual need." Brief for Appellee at 8–9. Compare Texas Financial Services Handbook §§ 3355.2, 3400, 3414.1(4), 3452, with § 3324. If the proof shows that the answers to the interrogatories are correct, and that is the actual practice in Texas, the Department is in violation of the Social Security Act. But if the proof shows that the Department does investigate each case to make a reasonable determination and considers only the amount of actual contributions the 18-to-21-year-old child makes to the other members of the household, then the Department practice does not conflict with the Act. These are matters for ultimate determination by the District Court after a full evidentiary hearing.

Reversed and remanded.