Margaret M. BARRON, etc., Plaintiff-Appellee,

v.

Betty BELLAIRS, etc., Defendant,

Richard H. Harden, etc., Defendant-Appellant.

Christine SPELLERS, etc., Plaintiff-Appellee,

v.

Betty BELLAIRS, etc., Defendant-Appellee,

Richard H. Harden, etc., Defendant-Appellant.

No. 74–1210
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

June 28, 1974.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

**1188**

Jay E. Loeb, David A. Webster, Atlanta, Ga., for Spellers.

Wayne M. Pressel, John L. Cromartie, Jr., Bettye H. Kehrer, Atlanta, Ga., for Barron.

Before COLEMAN, DYER and RONEY, Circuit Judges.

PER CURIAM:

■■ Barron and Spellers represent a class of recipients of Aid to Families with Dependent Children who were the intended beneficiaries of court ordered child support payments but who received sporadic payments. By order dated September 27, 1973 the district court held, and we think correctly so, that the "averaging method"[1] employed by the defendants in determining income when unpredictable court ordered child support was received by recipients of Aid to Families with Dependent Children conflicted with federal regulations[2] and was invalid. Retroactive injunctive relief and financial assistance to members of plaintiffs' class was denied. With this we also agree. Edelman v. Jordan, 1974, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 [42 U.S.L.W. 4419].

Prior to entry of final judgment the Georgia General Assembly enacted the Child Support Recovery Act, Title 99 § 901b et seq., which removed the plaintiffs' and the class they represent from the operation of the averaging regulations, and the Act was implemented with respect to the plaintiffs.

We affirm the district court's denial of retroactive injunctive relief and financial assistance to members of plaintiffs' class.[3] The judgment enjoining the enforcement of the child support averaging policy, now superceded by the Child Support Recovery Act, is vacated and the case is remanded to the district court with directions to dismiss that portion of the proceedings as moot.

Affirmed in part, vacated in part, remanded with directions.

1. The Child Support Averaging policy, Part III, § VII p. 9 of the State Plan for AFDC provides in pertinent part that "when income is unpredictable, the previous year's income (6 months in AFDC) may be used to determine monthly income."

2. 45 C.F.R. § 233.20(a)(3)(ii)(c).

3. Plaintiffs' dismissed their cross-appeals pursuant to Rule 42(b) F.R.A.P.