**Winona KAISA and Evangeline N. Whitney, on behalf of themselves and all persons similarly situated, Plaintiffs,**

**v.**

**Andrew CHANG, in his capacity as Director, Department of Social Services and Housing, State of Hawaii, and Department of Social Services and Housing, State of Hawaii, Defendants-Counterclaimants.**

**Civ. No. 75–0119.**

United States District Court, D. Hawaii.

June 19, 1975.

Stanley E. Levin, Paul D. Alston, Karen M. Radius, Legal Aid Society of Hawaii, Honolulu, Hawaii, for plaintiffs.

Michael R. Marsh, Deputy Atty. Gen., Ronald Y. Amemiya, Atty. Gen., of Hawaii, Honolulu, Hawaii, for defendants-counterclaimants.

## MEMORANDUM AND ORDER

SAMUEL P. KING, Chief Judge.

Named plaintiffs brought this action on behalf of themselves and all other persons similarly situated[1] against defendants Department of Social Services and Housing for the State of Hawaii (DSSH) and its director, Andrew Chang. Plaintiffs challenge the DSSH practice of requiring recipients of Aid to Families with Dependent Children (AFDC) to either forfeit their income tax refund or be subjected to a reduction or termination of assistance in the amount of the refund, and seek declaratory and injunctive relief. The complaint alleges that defendants' actions violated the Equal Protection Clause of the 14th Amendment to the United States Constitution and federal regulations promulgated under the Social Security Act section 401 et seq., 42 U.S.C. section 601 et seq. The action is brought pursuant to 28 U.S.C. sections 2201 and 2202 and 42 U.S.C. section 1983. This court has jurisdiction under 28 U.S.C. section 1343(3).[2]

This court issued a restraining order on May 13, 1975, temporarily enjoining defendants from requiring named plaintiffs and members of the class to forfeit all or part of their tax refunds to the defendants or have their AFDC benefits reduced, suspended or terminated in any manner. The parties have since entered into a stipulation of facts and the case is now before this court on cross motions for summary judgment.[3]

A brief review of the applicable federal regulations, 45 C.F.R. section 233.20 (1973),[4] is necessary to understand the parties' arguments. In determining an individual's need and amount of assistance, the "earned income," as defined generally as total income "irrespective of income-tax deductions,"[5] is first computed. Part of this amount, including income tax deductions is then disregarded to arrive at a net amount which is considered as the individual's available income, and which will reduce his or her level of need for assistance.[6] Along with this income, an individual is required to use other available resources, such as liquid assets, to meet maintenance costs,[7] and these resources also re-

---

1. On May 16, 1975, this court found that the requirements of Rule 23(a) and (b)(2) had been met and ordered that the action be maintained as a class action. The class was determined to include all recipients of Aid to Families with Dependent Children who are residents of the State of Hawaii and who have been, are, or will be required to forfeit all or part of their tax refund to the Department of Social Services and Housing, State of Hawaii or who have their regular, full AFDC assistance reduced, suspended, or terminated in any amount due to their receipt of an income tax refund.

2. Hagans v. Lavine, 415 U.S. 528, 536, 94 S. Ct. 1372, 39 L.Ed.2d 577 (1974). Only the statutory (regulatory) claim is now before this court. Id. at 543, 94 S.Ct. 1372.

3. This court adopts the facts to which the parties have stipulated for the purposes of Rule 52(a), Federal Rules of Civil Procedure.

4. The parties agree that these regulations are binding upon defendants.

5. 45 C.F.R. § 233.20(a)(6)(iii) (1973) provides in part:

The term "earned income" encompasses income in cash or in kind earned by a needy individual through the receipt of wages, salary, commissions, or profit from activities in which he is engaged as a self-employed individual or as an employee.

45 C.F.R. § 233.20(a)(6)(iv) (1973) provides:

With reference to commissions, wages, or salary, the term "earned income" means the total amount, irrespective of personal expenses, such as income-tax deductions, lunches and transportation to and from work, and irrespective of expenses of employment which are not personal, such as the cost of tools, materials, special uniforms, or transportation to call on customers.

6. 45 C.F.R. § 233.20(a)(7) and (11) (1973).

7. 45 C.F.R. § 233.20(a)(3)(ii)(a) (1973).

duce the amount of benefits. A state may allow an individual to maintain a "reserve" of property which will not be taken into account,[8] and DSSH permits such a reserve.[9]

█ █ Plaintiffs rely on 45 C.F.R. section 233.20(a)(3)(ii)(c) (1973) which provides in part:

[I]n establishing financial eligibility and the amount of the assistance payment . . . (c) only such net income as is actually available for current use on a regular basis will be considered, and only currently available resources will be considered . . . .

They argue that to be considered by DSSH, income must meet all three requirements: (1) actually available; (2) for current use; and (3) on a regular basis. Since a tax refund can be expected, at best, once a year, it is not available on a regular basis and, therefore, cannot be considered as income.[10] Defendants point to the inclusion of income tax deductions in the definition of income in 45 C.F.R. section 233.20(a)(6)(iv) (1973) as requiring the conclusion that the amount of income tax withheld is income when earned. They further argue that nothing in the regulations changes the status of taxes as income and thus when refunded they remain income for the purposes of computing eligibility and need. For the reasons stated below, this court agrees with plaintiffs' interpretation and holds that under the federal regulations, in-

come tax refunds are not income to AFDC recipients for the purposes of determining eligibility and need for AFDC benefits.

The definition of "earned income" found in 45 C.F.R. section 233.20(a)(6)(iii) through (viii) (1973) is "for purposes of disregarding earned income."[11] In light of the limitations of 45 C.F.R. section 233.20(a)(3)(1973), this cannot be considered the total definition of income. For example, it is clear that to be considered as income or a resource, funds must be actually available as required by 45 C.F.R. section 233.20 (a)(3)(ii)(c)(1973).[12] Therefore, it is necessary to determine the meaning of "on a regular basis" as used in section 233.20(a)(3)(ii)(c).

Defendants do not attempt to argue that tax refunds are available on a regular basis.[13] Instead, they read section 233.20(a)(3)(ii)(c) as intended only to insure that sporadic or irregular income is not presumed available when, in fact, it may not be in any given month. Although courts have invalidated state plans which impermissibly presumed income to be available,[14] the requirement of actual availability was sufficient, and therefore the words "on a regular basis" were not required to invalidate the plans. Defendants cannot ignore the words of section 233.20(a)(3)(ii)(c) simply because most of the prior cases have been confronted with the problem of actual availability rather than availability on a regular basis.

8. 45 C.F.R. § 233.20(a)(3)(i)(1973).

9. Hawaii Public Welfare Manual § 3353.1. Effective July 1, 1975, Act 145, May 27, 1975, will amend the law to provide greater resource retention maximums.

10. Under plaintiffs' argument, the refund would be treated as a resource or property and therefore eligible for protection from consideration. Even if this argument is accepted, whether or not the whole refund or any part thereof would be protected, would depend on the size of the refund and the individual's present reserve.

11. 45 C.F.R. § 233.20(a)(6)(1973).

12. The courts uniformly interpret the Social Security Act so as not to permit the states to indulge in presumptions as to the availability of income to needy members of the family.
Reyna v. Vowell, 470 F.2d 494, 496 (5th Cir. 1972). See Lewis v. Martin, 397 U.S. 552, 90 S.Ct. 1282, 25 L.Ed.2d 561 (1970).

13. Given the uncertainty of receiving any tax refund and the fact that even if received, it can be expected, at most, once annually, such an argument would be unpersuasive.

14. See e. g., Barron v. Bellairs, 496 F.2d 1187, 1188 (5th Cir. 1974) (per curiam) ; Reyna v. Vowell, 470 F.2d 494, 496 (5th Cir. 1972).

At least two courts have held that the regulation requires regularity.[15] In *County of Alameda v. Carleson,*[16] the California Supreme Court held that since section 233.20(a)(3)(ii)(c) "permits the state to consider as income only those funds received 'on a regular basis,'" the state's treatment of tax refunds as personal property rather than income complied with the regulation. In a similar case, *Carr v. Saucier,*[17] the United States District Court for the Northern District of Georgia held that a lump sum Social Security disability payment could not be treated as income under section 233.20(a)(3)(ii)(c) because it was not regularly available.[18]

 I find the reasoning of *Carleson* and *Saucier* compelling, and I conclude that plaintiffs are entitled to declaratory and injunctive relief. In light of this decision, defendants' counterclaim is dismissed. Further, it is unnecessary to reach plaintiffs' constitutional claim. It is declared that defendants' practice of requiring forfeiture of all or part of AFDC recipients' income tax refunds or a corresponding reduction, suspension or termination of benefits conflicts with Department of Health, Education, and Welfare regulations for determining eligibility and need for AFDC assistance. Defendant Chang and all persons in active concert or participation with him who receive actual notice of this order are restrained and enjoined from requiring named plaintiffs and members of the class which they represent to forfeit all or part of their tax refunds to the defendants or have their AFDC benefits reduced, suspended or terminated in any manner except insofar as a specific refund exceeds the applicable DSSH reserve limitation.[19] Since this is a class action pursuant to Rule 23(b)(2), Federal Rules of Civil Procedure, the court has discretion, under Rule 23(d)(2), whether or not to order notice to the absent class members. It appears to the court that there is cohesiveness in the class and that the interests of the absent members have been protected by named plaintiffs' counsel. Moreover, there is no reason to assume that defendants will not comply with the court's order. Therefore, notice to absent class members will not be required. *Northern Natural Gas Co. v. Grounds,* 292 F.Supp. 619, 636 (D.Kansas 1968).

This memorandum and order constitutes the court's findings of fact and conclusions of law.

Judgment will be entered accordingly.

15. Carr v. Saucier (N.D.Ga.1973), No. 16704 (March 29, 1973); County of Alameda v. Carleson, 5 Cal.3d 730, 97 Cal.Rptr. 385, 488 P.2d 953 (1971), *appeal dismissed,* 406 U.S. 913, 92 S.Ct. 1762, 32 L.Ed.2d 112 (1972). While Walker v. Juras, 16 Or.App. 295, 518 P.2d 663 (1974), is contra, the state there argued, and apparently the court agreed, that annual receipt was receipt on a regular basis. As mentioned above, defendants do not make such an argument.

16. County of Alameda v. Carleson, 5 Cal.3d 730, 97 Cal.Rptr. 385, 488 P.2d 953, 966 (1971).

17. Carr v. Saucier (N.D.Ga.1973), No. 16704 (March 29, 1973).

18. As the court stated:
[T]he Supreme Court's decision in *King v. Smith,* 392 U.S. 309 [88 S.Ct. 2128, 20 L. Ed.2d 1118] (1968), which struck down the Alabama "substitute father" regulation, made it clear that the term "actually available," as used in welfare regulations, means precisely what it says. By its very nature, the lump sum payment is not available on a regular basis.
*Id.* at 6–7. The court also explained that the fact that HEW had approved the plan in 1964 and that the defendant had been operating in reliance on that approval could not be given great weight since the regulation which eventually became section 233.-20(a)(3)(ii)(c) was not promulgated until 1968.

19. The rule in this circuit is that a state administrative agency is not a "person" within the meaning of 42 U.S.C. § 1983. Sykes v. State of California (Department of Motor Vehicles), 497 F.2d 197, 201 (9th Cir. 1974). This court's pendent jurisdiction allows the joinder of claims, not parties. Therefore, this judgment does not run against defendant, DSSH.