Edwin K.M. MOW, an incapacitated person, by Yuen Soong Koo MOW, his Prochien Ami and Mother; Yuen Soong Koo Mow; and Edward Lin Hing Mow, Plaintiffs,

v.

Roger M. CHEESEBOROUGH; Franklin Y.K. Sunn; Edwin T. Shimoda; George Ariyoshi; Winton Leong; Department of Social Services and Housing; John Does 1–10; Jane Does 1–10; Doe Partnerships 1–10; Doe Corporations 1–10; and Doe Governmental Entities 1–10; Defendants.

Civ. No. 86–1070.

United States District Court,
D. Hawaii.

Oct. 7, 1988.

Christopher D. Ferrara, Glen J. Dryer, Robinson & Ferrara, Honolulu, Hawaii, for plaintiffs.

Warren Price, III, State Atty. Gen., Leo Young, Deputy Atty. Gen., Honolulu, Hawaii, for defendants.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AS TO COUNTS TWO, THREE, FOUR, SIX, SIX (sic), EIGHT AND NINE FOR LACK OF JURISDICTION AND FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

EZRA, District Judge.

## BACKGROUND

This is an action premised in part on 42 U.S.C. § 1983 [1] for personal injuries arising out of an alleged assault and battery inflicted upon plaintiff Edwin Mow on July 19, 1985, by defendant Cheeseborough, a former corrections officer, while Mow was incarcerated at the Oahu Community Correctional Center. Plaintiff's parents, Edward Lin Hing Mow and Yuen Koo Mow, have joined this suit also premising their independent causes of action on 42 U.S.C. § 1983 for loss of filial consortium. The plaintiffs collectively allege that defendant Cheeseborough's actions left plaintiff Edwin Mow both physically and mentally incapacitated.

In addition to the referenced § 1983 claims, plaintiffs allege a number of sepa-

---

1. 42 U.S.C. § 1983 provides in relevant part: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

rate state tort and constitutional claims against defendant Cheeseborough and negligence claims against the Department of Social Services and Housing ("DSSH") and various Hawaii state officials allegedly responsible for the hiring, training, supervision and retention of Cheeseborough. Defendants are not at this time contesting this Court's jurisdiction over Cheeseborough for plaintiff Edwin Mow's § 1983 and pendent state tort claims. Defendants are, however, challenging this Court's jurisdiction over the remaining claims based on the following arguments:

(1) this Court lacks jurisdiction over plaintiffs' pendent state claims against the DSSH and the state officials because these claims are pendent party claims lacking an independent federal jurisdictional bases for inclusion in this suit;

(2) plaintiff's parents, Edward Lin Hing Mow and Yuen Koo Mow, lack standing to recover for loss of filial consortium under 42 U.S.C. § 1983; and

(3) there is no state law cause of action for damages for violation of the Hawaii State Constitution.

■ As a preliminary note, defendants correctly assert that the Eleventh Amendment prohibits a federal court from entertaining a suit by a citizen against his own state. *See Hans v. Louisiana,* 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890). The defendants argue that because the DSSH is an executive state agency it may not be sued in the United States District Court by plaintiffs who are all Hawaii citizens. However, a state's immunity may be waived by that state's unequivocally expressed consent, both with respect to whether and where it may be sued. *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 99, 104 S.Ct. 900, 907, 79 L.Ed.2d 67 (1984).

Citing this Court's earlier decision *In re Holoholo,* 512 F.Supp. 889 (D.Haw.1981), plaintiffs argue that Hawaii's State Tort Liability Act[2] "is broad enough to include a waiver of Eleventh Amendment immunity as to tort actions against the [DSSH]"[3] and effects a waiver of immunity as to state and federal courts alike. *See Holoholo* at 896–97. This court notes that *Holoholo, infra,* was decided prior to the Hawaii Legislature's amending the Hawaii State Tort Liability Act with respect to this issue. *See* 1984 Haw.Sess.Laws Act 135. There is no need to reach this issue, however, because this Court finds it lacks jurisdiction over the DSSH in this matter for reasons indicated below.

## DISCUSSION

*Jurisdictional Power of Federal Courts To Adjudicate Pendent Party Claims*

■ The defendants properly note that the Ninth Circuit "historically has been hostile to the concept of pendent party jurisdiction ... [and has] repeatedly held that parties may not be added to an action absent an independent jurisdictional base for inclusion and that pendent party jurisdiction will not substitute for complete diversity or a federal question." *Safeco Ins. Co. of America v. Guyton,* 692 F.2d 551, 555 (9th Cir.1982) (citations omitted). *See also Carpenters S. Cal. Admin. Corp. v. D & L Camp. Constr. Co.,* 738 F.2d 999, 1000 (9th Cir.1984); *Munoz v. Small Business Admin.,* 644 F.2d 1361, 1365–66 (9th Cir.1981); *Ayala v. United States,* 550 F.2d 1196, 1197 (9th Cir.1977), *cert. dismissed,* 435 U.S. 982, 98 S.Ct. 1635, 56 L.Ed.2d 76 (1978); *Hymer v. Chai,* 407 F.2d 136, 137–38 (9th Cir.1969); *Williams v. United States,* 405 F.2d 951, 954 (9th Cir.1969). Relying on this long line of cases, the defendants argue that because plaintiffs have not pled an independent federal cause of action against the DSSH or

---

**2.** Hawaii Rev.Stat. § 662–2 (1976) provides:

The State hereby waives its immunity for liability for the torts of its employees and shall be liable in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages.

**3.** Defendants have not challenged the power of this Court to exercise jurisdiction over the various state officials on Eleventh Amendment grounds.

state officials, this Court may not *per se* exercise jurisdiction over them.[4] This Court, however, does not view, as defendants would have it, the above cited cases as *per se* prohibiting the exercise of jurisdiction by this Court over plaintiffs' pendent party claims.

■ "[P]endent jurisdiction is a doctrine of discretion, not of plaintiff's right. Its justification lies in consideration of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims...." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). The United States Constitution requires that for a federal court to exercise pendent jurisdiction over nonfederal claims, such claims must "derive from a common nucleus of operative fact" and be such that a plaintiff "would ordinarily be expected to try them all in one judicial proceeding." *Gibbs*, 383 U.S. at 724, 86 S.Ct. at 1138.

The fact that nonfederal claims arise from a "common nucleus of operative fact" alone, however, "does not end the inquiry into whether a federal court has power to hear the nonfederal claims along with the federal ones." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373, 98 S.Ct. 2396, 2402, 57 L.Ed.2d 274 (1978). The court must "examin[e] ... the posture in which the nonfederal claim is asserted and ... the specific statute that confers jurisdiction over the federal claim, in order to determine whether 'Congress in [that statute] has ... expressly or by implication negated' the exercise of jurisdiction over the particular nonfederal claim." *Owen Equip. & Erection Co.*, 437 U.S. at 373, 98 S.Ct. at 2402 (citing *Aldinger v. Howard*, 427 U.S. 1, 18, 96 S.Ct. 2413, 2422, 49 L.Ed.2d 276 (1976)). Hence, for plaintiff to prevail on this issue, this Court must find that 42 U.S.C. § 1983 would confer independent jurisdiction over the various nonfederal claims against the state defendants.

■ Under § 1983, a party against whom recovery is sought must be a "person"[5] within the meaning of the statute and must be free from immunity. *Fine v. City of New York*, 529 F.2d 70, 73 (2nd Cir.1975). The State of Hawaii has not waived its sovereign immunity with respect to § 1983 damage liability. *See Makanui v. Department of Educ.*, 721 P.2d 165, 171 (Hawaii Ct.App.1986). "Consequently, Hawaii, its agencies, and its officers and agents *in their official capacities* are immune from and cannot be held liable for claims for money damages for violations of constitutional rights under § 1983." *Id.* at 171–72 (emphasis added). *See also Kentucky v. Graham*, 473 U.S. 159, 169, 105 S.Ct. 3099, 3107, 87 L.Ed.2d 114 (1985) (Eleventh Amendment bar remains in effect when state officials sued for damages in their official capacity). Because plaintiffs are suing the DSSH and the various state officials *in their official capacities*, this Court concurs with defendants' contention that counts six, six (sic), eight and nine should be dismissed for want of jurisdiction.[6]

■ The Court notes that as otherwise pled, even if plaintiffs' complaint *did* allege a claim against the various state officials in their individual capacities,[7] it would fail to state an appreciable claim under § 1983 because plaintiffs are suing the state officials for *simple negligence*. The Supreme Court has decided that application of simple negligence to assert liability under § 1983 is generally not allowed. *See Davidson v. Cannon*, 474 U.S. 344, 348, 106 S.Ct. 668, 670–71, 88 L.Ed.2d 677

---

4. Because the parties are residents of the State of Hawaii, independent grounds for diversity jurisdiction cannot be established.

5. The DSSH is an administrative agency of the State and as such is not a "person" within the meaning of § 1983. *Kaisa v. Chang*, 396 F.Supp. 375, 378 n. 19 (D.Haw.1975).

6. Defendants have not challenged this Court's power to exercise jurisdiction over plaintiff Edwin Mow's § 1983 claim against Cheeseborough in his official capacity (count one). Hence, this Court does not reach a disposition of this issue.

7. State officials may be sued in their individual capacities for damages for violations of § 1983. *Makanui v. Department of Educ.*, 721 P.2d 165, 172 (Hawaii Ct.App.1986).

(1986); *Daniels v. Williams*, 474 U.S. 327, 328, 106 S.Ct. 662, 663, 88 L.Ed.2d 662 (1986).

In *Daniels* the Supreme Court held that the "Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty or property." 474 U.S. at 328, 106 S.Ct. at 663. The Court, however, did not go so far as to say that all constitutional provisions actionable under § 1983 require more than mere negligence to state a claim. "[W]e need not rule out the possibility that there are other constitutional provisions that would be violated by mere lack of care ..." *Daniels*, 474 U.S. at 334, 106 S.Ct. at 666–67.

■ The constitutional provisions plaintiffs allege were violated are the Fourteenth Amendment Due Process Clause and Eighth Amendment of the United States Constitution.[8] Plaintiffs' complaint reaches no further than alleging simple negligence against the state officials and thus appears to fail to state a cognizable § 1983 claim with regard to any alleged Due Process violation.[9] For the same reason, the Eighth Amendment claim would fail as well.[10] Like § 1983 Due Process Clause claims, claims under § 1983 for Eighth Amendment violations require more

than mere negligence. There must be at least " 'deliberate indifference' in creating the condition that violates the eighth amendment." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir.1988).[11]

### Civil Rights Recovery for Loss of Filial Consortium

The Ninth Circuit has expressly held that "a parent has a constitutionally protected liberty interest in the companionship and society of his or her child ... [I]nterference with that liberty without due process of law is remediable under section 1983." *Kelson v. City of Springfield*, 767 F.2d 651, 655 (9th Cir.1985). "Family relationships by their nature involve deep attachments and commitments to the necessarily few other individuals with whom one shares not only a special community of thoughts, experiences, and beliefs but also distinctively personal aspects of one's life." *Roberts v. United States Jaycees*, 468 U.S. 609, 619–20, 104 S.Ct. 3244, 3250–51, 82 L.Ed.2d 462 (1984). This liberty interest has been broadly construed by this Circuit to encompass any parent-child relationship. *Smith v. City of Fontana*, 818 F.2d 1411, 1419 (9th Cir.1987), *cert. denied*, — U.S. ——, 108 S.Ct. 311, 98 L.Ed.2d 269 (1987).[12]

---

**8.** Plaintiffs also allege violations of First Amendment rights and privileges. Plaintiffs are apparently using the First Amendment to assert their substantive freedom of association liberty interest in the maintenance of the parent-child relationship which is an interest tested under the Due Process Clause of the Fourteenth Amendment. *See Kelson v. City of Springfield*, 767 F.2d 651, 655 (9th Cir.1985). Plaintiffs' complaint otherwise alleges no action that "could conceivably implicate First Amendment concerns." *Smith v. City of Fontana*, 818 F.2d 1411, 1424 (9th Cir.1987), *cert. denied*, — U.S. ——, 108 S.Ct. 311, 98 L.Ed.2d 269 (1987).

**9.** In the companion case to *Daniels, Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986), the Court alluded to the possibility that "deliberate or callous indifference to [a plaintiff's] needs," may be sufficient to state a § 1983 claim for a due process violation. *Id.* 767 F.2d at 670.

**10.** Because the "Eighth Amendment protects only those who have been convicted of a crime," only Edwin Mow is entitled to claim its protec-

tion. *Smith v. City of Fontana*, 818 F.2d 1411, 1424 (9th Cir.1987), *cert. denied*, — U.S. ——, 108 S.Ct. 311, 98 L.Ed.2d 269 (1987).

**11.** In *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir.1988), the Ninth Circuit explained that:

The "deliberate indifference" standard requires proving some degree of "individual culpability," but does not require proof of an express intent to punish. Thus, to establish a deprivation of ... eighth amendment rights ... [a plaintiff] must establish [the defendant's] deliberate indifference to the [plaintiff's] need for an environment compatible with " 'the evolving standards of decency that mark the progress of a maturing society.' " (Citations omitted.)

**12.** It is "the familial relationship and not the mere narrow custodial interest of the parents, [giving] rise to the due process action." *Smith v. City of Fontana*, 818 F.2d 1411, 1419 (9th Cir.1987), *cert. denied*, — U.S. ——, 108 S.Ct. 311, 98 L.Ed.2d 269 (1987)(constitutional interest in familial companionship and society extends to protect children from unwarranted

Nevertheless, this Court is obliged to dismiss count two of plaintiffs' complaint[13] as presently pled because Hawaii state officers and agents may not be sued in their official capacities for violations of constitutional rights under § 1983. *Makanui*, 721 P.2d at 771–72. Plaintiffs' claim, as it currently stands, alleges Cheeseborough acted in his official capacity. Defendants' motion to dismiss as to count two is therefore granted.

### Private Cause of Action For Damages For Violations Of The Hawaii State Constitution

Both parties cite *Figueroa v. State*, 61 Hawaii 369, 604 P.2d 1198 (1979) to support their respective positions concerning the availability of a private cause of action for damages for violation of the Hawaii Constitution. In *Figueroa*, the Hawaii Supreme Court held that sovereign immunity bars a private cause of action for damages for violation of the Hawaii Constitution as against the State, *id.* at 384, 604 P.2d at 1207, leaving unanswered whether Hawaii recognizes such an action against individuals.

 The Court finds that it has the power to exercise pendent jurisdiction over plaintiffs' Hawaii constitutional claims in that plaintiffs' Hawaii constitutional claims and federal claims "derive from a common nucleus of operative fact." *Gibbs*, 383 U.S. at 725, 86 S.Ct. at 1138. The Court in its discretion, however, declines to exercise jurisdiction over plaintiffs' pendent Hawaii constitutional claims. In exercising its discretion, the Court has given due regard to the fact that plaintiffs' Hawaii constitutional claims pose "novel and unsettled questions of state law." *Doe v. Bd. on Prof. Resp. of D.C. Court of Appeals*, 717 F.2d 1424, 1428 (D.C.Cir.1983). The Hawaii state appellate courts have yet to enunciate whether the State recognizes a cause of action for damages arising from a deprivation of rights under the Hawaii Constitution as against individuals. *See e.g., Makanui*, 721 P.2d at 170 n. 2. Moreover, the Court notes that plaintiffs have filed suit in Hawaii state circuit court. Hence, this Court finds that the disposition of this significant issue more appropriately rests within the province of the Hawaii judiciary.[14] Defendants' motion to dismiss as to counts three and four of plaintiffs' complaint is therefore granted.

### CONCLUSION

Defendants' motion to dismiss for lack of jurisdiction and failure to state a claim as to counts two, three, four, six, six (sic), eight, and nine is HEREBY GRANTED without prejudice.

IT IS SO ORDERED.

state interference with relationships with their parents). *See also Strandberg v. City of Helena*, 791 F.2d 744 (9th Cir.1986) (parents' stated claim for violations of their Fourteenth Amendment due process rights in the companionship and society of their twenty-two year old son). Hence, the Ninth Circuit has declined to draw subtle distinctions between various parent-child relationships. *But cf. Valdivieso Ortiz v. Burgos*, 807 F.2d 6 (1st Cir.1986) (parent cannot maintain claim for loss of familial association under § 1983 unless government action in question directly aimed at relationship between parent and *young child*). The Ninth Circuit has not, however, intimated whether this familial liberty interest is sufficiently constitutionally protected to extend to relationships between siblings. *Smith*, 818 F.2d at 1419 n. 11. *Cf. Trujillo v. County Commissioners*, 768 F.2d 1186 (10th Cir.

1985) (siblings can maintain action under § 1983) *with Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir.1984) (siblings cannot).

**13.** A claim may be dismissed for failure to state a claim if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Gibson v. United States*, 781 F.2d 1334, 1337 (9th Cir.1986) (citations omitted), *cert. denied*, 479 U.S. 1054, 107 S.Ct. 928, 93 L.Ed.2d 979 (1987).

**14.** *See United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). "Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *Id.* at 726, 86 S.Ct. at 1139.

ORDER WITHDRAWING AND VACATING ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AS TO COUNTS TWO, THREE, FOUR, SIX, SIX (sic), EIGHT AND NINE FOR LACK OF JURISDICTION AND FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED, DATED AND FILED SEPTEMBER 16, 1988

This Court on its own motion hereby withdraws and vacates its Order Granting Defendants' Motion To Dismiss As To Counts Two, Three, Four, Six, Six (sic), Eight And Nine For Lack Of Jurisdiction And For Failure To State A Claim Upon Which Relief Can Be Granted, dated and filed September 16, 1988 and substitutes therefore its Order Granting Defendants' Motion To Dismiss As To Counts Two, Three, Four, Six, Six (sic), Eight And Nine For Lack Of Jurisdiction And For Failure To State A Claim Upon Which Relief Can Be Granted, dated and filed in this matter on October 7, 1988.

IT IS SO ORDERED.