OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

June 3, 1999

The Honorable Carl E. Lewis
County Attorney
Nueces County Courthouse
901 Leopard, Room 206
Corpus Christi, Texas 78401-3680

Opinion No. JC-0063

Re: Method of calculating "gross income" of local public official's child under chapter 171 of the Local Government Code   (RQ-1186)

Dear Mr. Lewis:

You ask how to determine a person's interest in a business entity under chapter 171 of the Local Government Code, the statute regulating conflicts of interest of local public officers. Specifically, you ask whether certain Family Code provisions deem the gross income of a local public official's minor child or dependent child to be part of the official's income for purposes of chapter 171. We conclude that they do not. You also ask about the duration of an official's interest under chapter 171. The duration of a public official's interest in a business entity depends upon whether the interest is based on ownership or receipt of income. We begin our analysis by looking at the statute in question.

Section 171.004 of the Local Government Code provides that a local public official with a substantial interest in a business entity or in real property shall file, before a vote or decision on any matter involving the business entity or the real property, an affidavit stating the nature and extent of the interest and shall abstain from further participation in the matter if:

> (1) in the case of a substantial interest in a business entity the action on the matter will have a special economic effect on the business entity that is distinguishable from the effect on the public; or

> (2) in the case of a substantial interest in real property, it is reasonably foreseeable that an action on the matter will have a special economic effect on the value of the property, distinguishable from its effect on the public.

> (b) The affidavit must be filed with the official record keeper of the governmental entity.

TEX. LOCAL GOV'T CODE ANN. § 171.004 (Vernon Supp. 1999).

Chapter 171 defines a "substantial interest" as follows:

> (a) For purposes of this chapter, a person has a substantial interest in a business entity if:
>
> (1) the person owns 10 percent or more of the voting stock or shares of the business entity or owns either 10 percent or more or $15,000 or more of the fair market value of the business entity; or
>
> (2) funds received by the person from the business entity exceed 10 percent of the person's gross income for the previous year.
>
> (b) [substantial interest in real property] . . . .
>
> (c) A local public official is considered to have a substantial interest under this section if a person related to the official in the first degree by consanguinity or affinity, as determined under Chapter 573, Government Code, has a substantial interest under this section.

*Id.* § 171.002.

Your request concerns Local Government Code subsection 171.002(c), which treats a substantial interest of a near relative in a business entity or real property as the official's substantial interest. The relatives of a public official within the first degree by consanguinity are his or her parents and children, while his or her spouse is a relative within the first degree by affinity. TEX. GOV'T CODE ANN. §§ 573.023(c)(1), .024(a), .025(a) (Vernon 1994). A relationship in the first degree by affinity also exists when the spouse of one of the individuals is related in the first degree by consanguinity to the other, that is, between a person and his or her parents-in-law, son- or daughter-in-law, and the children of his spouse. *See id.* § 573.024(a)(2). Thus, chapter 171 imputes any "substantial interest" of a public official's spouse, parents, children, step-children, father- and mother-in-law, or son- and daughter-in-law to the officer. *See* Tex. Att'y Gen. Op. No. DM-267 (1993) at 2; Tex. Att'y Gen. LO-95-080, at 3.

You ask how to determine the gross income of a public official's child in connection with the following assumed facts:

> (1) [A] 20-year-old daughter of a local public official (2) lives in her parents' home, (3) relies upon her parents completely for her support and (4) attends the local junior college. (5) This summer she worked for a local business entity for six weeks and earned $1200, and (6) she had no earnings for the previous year. (7) Her parents'

combined income is $90,000. (8) A proposal to award a contract to the local business entity is before the governing body of the governmental entity. Does the local public official have a "substantial interest" in the business entity which requires filing an affidavit and abstention from the vote as no other member of the governing body is required to file an affidavit?

Letter from Honorable Carl E. Lewis, Nueces County Attorney, to Honorable Dan Morales, Texas Attorney General, at 5 (Aug. 21, 1998) (on file with Opinion Committee).

Your last sentence refers to a procedure under Local Government Code section 171.004(c) that allows public officials to participate in a matter despite having a substantial interest in it. When a majority of the members are required to file and do file affidavits of similar interests, they are not required to abstain from further participation in the matter. TEX. LOC. GOV'T CODE ANN. § 171.004(c) (Vernon Supp. 1999). You exclude the possibility that the local officer in question might be allowed to participate pursuant to section 171.004(c) of the Local Government Code.

In connection with the assumed facts you provide, you ask whether the earnings of a minor child should be characterized as his or her parents' earnings pursuant to Family Code provisions. Section 3.103 of the Family Code provides that "[d]uring the marriage of the parents of an unemancipated minor . . . the earnings of the minor are subject to the joint management, control, and disposition of the parents of the minor, unless otherwise provided by agreement of the parents or by judicial order." TEX. FAM. CODE ANN. § 3.103 (Vernon 1998). A parent of the child has "the right to the services and earnings of the child." *Id.* § 151.003(a)(5) (Vernon 1996). A "child" for purposes of these provisions is a person younger than 18 years, who has not been married or who has not had the disabilities of minority removed for general purposes. *Id.* § 101.003(a).

You rely on *Dallas County Flood Control District No. 1 v. Cross*, 815 S.W.2d 271 (Tex. App.–Dallas 1991, writ denied), for guidance in calculating the gross income of a child who is largely dependent upon his or her parents for support. The court in *Cross* held that a public official's gross income for purposes of chapter 171 included his community property interest in his spouse's salary and in the interest on bank accounts. *See* TEX. FAM. CODE. ANN. § 3.002 (Vernon 1998) (defining community property). You ask whether *Cross* requires a similar treatment with respect to the earnings of a local public officer's child, that is, should a minor child's gross income be treated for purposes of chapter 171 as his or her parents' earnings pursuant to the Family Code provisions you have cited.

*Cross* does not state a general rule for calculating a public officer's gross income for purposes of chapter 171. The court reviewed a jury finding that two members of the flood control district who voted to approve the district's acquisition of an easement over land owned by the district president had substantial interests in the board president's business undertakings. In one case, the board member's federal income tax return showed that his "largest items of income were his community property interest in his wife's salary . . . and his community property right in $4700.16

in interest on bank deposits." *Cross*, 815 S.W.2d at 280. The jury found that this individual had received gross income from the district president in an amount in excess of ten percent of his annual gross income. *Id.* at 278-79; *see* TEX. LOC. GOV'T CODE ANN. § 171.002(a)(2) (Vernon Supp. 1999). After reviewing the evidence presented to the jury, the court concluded that "the jury had enough evidence to estimate, with reasonable certainty, that . . . [the officer's] gross income between November 13, 1984, and November 12, 1985, totaled about $25,000." *Cross*, 815 S.W.2d at 280. The jury also found that the board president gave the board member $12,000, enough to constitute a substantial interest in the transaction. *Id.* at 281.

In reviewing and upholding the jury finding, the *Cross* court accepted that community property was part of gross income in the case before it, but it did not expressly consider the role of community property law in computing substantial interests of public officials and their spouses for purposes of Local Government Code chapter 171. Moreover, *Cross* would have reached the same conclusion on the conflict of interest question even if the officer's community interests in his wife's earnings and in bank accounts had been excluded from his gross income under chapter 171. In that case, the $12,000 received from the board president would have constituted an even larger percentage of his gross income than it did according to the jury findings in *Cross*. Accordingly, we conclude that *Cross* does not hold that the gross income of a married public official must always be determined for purposes of chapter 171 according to community property law, nor does it deal at all with the earnings of a minor child. We conclude that *Cross* does not require the earnings of a minor child to be characterized as parents' earnings for the purpose of determining "gross income" under chapter 171 of the Local Government Code.

While section 3.103 of the Family Code provides that the earnings of an unemancipated minor are subject to the control and disposition of the parents, "it does not attribute income from the hands of child into the hands of the parent." *Reyna v. Vowell*, 470 F.2d 494, 496 (5th Cir. 1972). At most, this provision gives the parent the right to sue the wage-earning child in an effort to control his or her earnings. *Id.* We conclude that sections 151.003(a)(5) and 3.103 of the Family Code do not convert the earnings of a minor child to his or her parents' gross income for purposes of chapter 171.

You also ask us to consider how the earnings of a "dependent child" should be treated for purposes of chapter 171. By "dependent child" you refer to an individual who is not a child under section 101.003 of the Family Code, but is a "dependent" under the following provision of the Internal Revenue Code:

> (a) For purposes of this subtitle, the term "dependent" means any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was

> received from the taxpayer (or is treated under subsection (c) or (e)[1]
> as received from the taxpayer):
>
> (1) A son or daughter of the taxpayer . . . .

26 U.S.C. § 152(a) (1994) (footnote added). Federal income tax law allows taxpayers a deduction from taxable income for each dependent child, as defined above, *see id.* § 151, but it does not attribute a dependent child's gross income to his or her parents. The status of a public official's child as a "dependent" child within section 152 of the Internal Revenue Code has no effect on calculating the child's gross income for purposes of chapter 171.

Applying our conclusions to the assumed facts you stated, we conclude that the public official's twenty-year old daughter has a substantial interest in the business entity from which she earned $1200, an amount that exceeded ten percent of her gross income for the previous year. *See* TEX. LOC. GOV'T CODE ANN. § 171.002(a)(2),(c) (Vernon Supp. 1999). Because she is related to the public official in the first degree by consanguinity, *see* TEX. GOV'T CODE ANN. § 573.023(c)(1) (Vernon 1994), chapter 171 of the Local Government Code deems her substantial interest in the business entity to be the official's substantial interest. *See* TEX. LOCAL GOV'T CODE ANN. § 171.002(c) (Vernon Supp. 1999). Accordingly, the local public official has a substantial interest in the business entity that employed his daughter, and he must file the affidavit and abstain from further participation in the proposal to award a contract to the business entity, if "the action on the matter will have a special economic effect on the business entity that is distinguishable from the effect on the public." *Id.* § 171.004.

You suggest that it is illogical for the sum of $1200 to be a substantial interest as to the public officer's daughter, when the same amount would not be a substantial interest as to his wife because of her larger income. The purpose of the ten percent amount is to establish a threshold for determining that a conflict of interest exists, thus providing a degree of certainty not found in prior conflict of interest provisions. Tex. Att'y Gen. Op. No. JM-424 (1986) at 6 (reciting legislative history). We do not believe it is necessarily illogical for the legislature to use a percentage figure, rather than exclusively a dollar figure, to establish the threshold for conflict of interest. The amount of $120 may be a significant amount to a person who earns $1200 in a year, and a parent may be interested in his child's employment, even for earnings that are minimal in comparison to the parent's.

Finally, you ask how long a "substantial interest" exists so as to require filing the affidavit and abstention from the vote. In other words, does the "substantial interest" continue for a particular period of time after the employment ends or after the owner dispossesses himself of the property that defines the substantial interest.

---

[1]Section 152(c) of the Internal Revenue Code relates to multiple support agreements and section 152(e) sets out the support test for the child of divorced parents.

Section 171.004 requires a local public official who "has a substantial interest in a business entity or in real property" to file an affidavit stating the nature and extent of the interest and to abstain from further participation in certain governmental decisions affecting the business entity or real property. TEX. LOC. GOV'T CODE ANN. § 171.004 (Vernon Supp. 1999). This provision uses the present tense in referring to the public official's possession of a "substantial interest"; thus, the official's interest in the business entity or real property is one that exists when the governmental body addresses a matter affecting the interest. Section 171.002 defines a "substantial interest" in terms of ownership and of receipt of income. A person has a "substantial interest" in a business entity or in real property when he or she owns a certain percentage or market value of the business or the property. No time period is provided within which the individual must have *acquired* the ownership interest. *See id.* § 171.002.

As a general rule, we believe a person no longer has a "substantial interest" in real property or in a business entity based on ownership after that person has fully divested himself or herself from any ownership interest in the business or the property. The time at which an individual divests himself or herself from any such ownership interest involves questions of fact which must be investigated and resolved on a case-by-case basis. We cannot conclude as a matter of law that a formal divestiture is always sufficient. If a public officer has not received full payment for transferring real property or an interest in a business, he or she may continue to have an interest in the use of the property or the economic health of the business. Finally, even if a public official has relinquished all ownership interest in a business entity, he or she may have a substantial interest in the entity based on receipt of income, as described by subsection 171.002(a)(2).

A substantial interest based on receipt of income from a business entity is defined by subsection 171.002(a)(2) in relation to a specific time period. A person may have a "substantial interest" in a business entity if "funds received by the person from the business entity exceed 10 percent of the person's gross income for the *previous year*." *Id.* § 171.002(a)(2) (emphasis added). "Previous year," as used in section 171.002(a)(2) of the Local Government Code, means the twelve-month period before the date when the governmental body takes up the matter involving the business entity. *Cross*, 815 S.W.2d at 278-79; *see* TEX. GOV'T CODE ANN. § 312.011(18) (Vernon 1998) (a "year" means 12 consecutive months); *City of San Antonio v. Kuykendall*, 749 S.W.2d 169, 171 (Tex. Civ. App.–San Antonio 1988, writ denied). An affidavit disclosing a substantial interest in a business entity or real property must be filed before a vote or decision on the matter involving the business entity; thus, the existence of a substantial interest is determined as of the date when the governmental entity begins deliberations leading to a decision of this matter. Accordingly, the time period for determining whether a person has a substantial interest in a business entity based on the receipt of income is the twelve-month period before the deliberations begin. If during that time period, the funds received from the business entity exceed ten percent of the person's gross income, he or she will have a substantial interest in the business entity pursuant to subsection 171.002(a)(2) of the Local Government Code.

## S U M M A R Y

Under chapter 171 of the Local Government Code, a local public official is considered to have a substantial interest in a business entity if a person related to the official within the first degree by consanguinity or affinity has a substantial interest in a business entity. In calculating the "gross income" of a public official's child under chapter 171 of the Local Government Code, the earnings of a minor child or a dependent child form part of the child's gross income, not the public official's gross income.

A "substantial interest" in a business entity or in real property for purposes of chapter 171 is an interest in existence when the governmental body takes up the matter that will affect the business entity or real property. When a person's substantial interest in a business entity is based solely on ownership, that person no longer has a substantial interest in the business after he or she has fully divested himself from that ownership interest. When a person's interest in a business entity is based on receipt of income, that person has a substantial interest in the business if he or she has received funds in excess of ten percent of his or her gross income during the twelve-month period prior to the time that the governmental body takes up the matter that will affect the business entity or real property.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General